OPINION
{¶ 1} Appellant, Jeffrey Lynn Goldner, Jr., appeals the August 11, 2003 judgment entry in which the Trumbull County Court of Common Pleas convicted him of burglary and sentenced him.
 {¶ 2} On March 19, 2003, appellant was indicted on two counts of burglary: count one was in violation of R.C. 2911.12(A)(1) and was a felony of the second degree, and count two was in violation of R.C. 2911.12(A)(4) and was a felony of the fourth degree. Appellant entered a plea of not guilty to both charges at his arraignment on March 24, 2003. A jury trial began on July 29, 2003.
 {¶ 3} On February 6, 2003, Patrolman Patrick T. Hoolihan ("Patrolman Hoolihan") of the Warren Police Department responded to a disturbance call at an apartment complex located at 534 Commerce Street in Warren, Ohio. Patrolman Hoolihan along with Lieutenant Hughes arrived at the apartment of Tiffany T. Walker ("Ms. Walker") around 1:30 a.m. Patrolman Hoolihan encountered Ms. Walker, her two young children, her friend, Stephen Tucker ("Mr. Tucker"), and her ex-boyfriend, appellant. Although the testimony reveals that appellant was initially invited into Ms. Walker's apartment, later that evening, after appellant and Ms. Walker got into an argument, she asked him to leave, but he refused so Ms. Walker called the police. Once Patrolman Hoolihan and Lieutenant Hughes arrived, they escorted appellant out of the apartment and told him not to return. They further instructed Ms. Walker to call the police if appellant returned.
 {¶ 4} Approximately fifteen minutes later, Patrolman Hoolihan responded to a second disturbance call at Ms. Walker's apartment. Appellant had returned to Ms. Walker's apartment and had "kicked the door into the apartment and gained entry." After entering her apartment, he took cigarettes belonging to her and Mr. Tucker off of a living room table without their permission and left.[1]
 {¶ 5} When Patrolman Hoolihan arrived at the apartment for the second time, he noticed that the door frame had been removed from the door, there were wood shavings on the ground, and there was a small imprint of a shoe on the door. He also testified that "the internal locking system of the door was broke." After observing the damage, Patrolman Hoolihan requested additional officers. A search of the area was conducted, but the officers were unable to locate appellant.
 {¶ 6} Because of the damage to her door, Ms. Walker placed end tables in front of the door to prevent it from opening. About twenty minutes later, appellant returned to Ms. Walker's apartment for a third time. He pushed the door open, entered without permission, and grabbed "the wood shaving portion * * * of the door and took off running with it." Ms. Walker called the police again, and Patrolman Hoolihan returned to the apartment.
 {¶ 7} The officers resumed their search for appellant. Appellant was found lying in the snow behind an electrical box trying to conceal himself. After being told to come out, appellant complied and was taken into custody by Patrolman Hoolihan.
 {¶ 8} The jury found appellant not guilty of count one and count two of the indictment, but the jury found appellant guilty of the lesser included offense for count one, which was burglary, a felony of the fourth degree. A sentencing hearing took place on August 4, 2003. In an entry dated August 11, 2003, the trial court sentenced appellant to a term of seventeen months in prison. Appellant timely filed the instant appeal and now raises the following assignments of error for our review:
 {¶ 9} "[1.] Appellant's conviction is against the manifest weight of the evidence.
 {¶ 10} "[2.] The trial court erred in denying appellant's request to instruct the jury as to the lesser included offense of criminal trespass for the offense of burglary."
 {¶ 11} Under the first assignment of error, appellant alleges that his conviction was against the manifest weight of the evidence.
 {¶ 12} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. When reviewing a claim that a verdict was against the manifest weight of the evidence, this court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175;State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 WL 738452, at 5.
 {¶ 13} The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins at 390. We must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 14} In the case at bar, the jury convicted appellant of burglary, in violation of R.C. 2911.12(A)(4), a felony of the fourth degree, which states that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 15} Here, a review of the record demonstrates that appellant's conviction for burglary under R.C. 2911.12(A)(4) is supported by credible and uncontroverted evidence. The evidence presented at trial clearly established that appellant forced his way into Ms. Walker's apartment, while Ms. Walker, her children, and Mr. Tucker were present, by breaking down the door into the apartment after he was escorted out of the apartment by Patrolman Hoolihan and informed not to return. Both Ms. Walker and Mr. Tucker testified that appellant kicked the door in to gain entry. This testimony was further corroborated by Patrolman Hoolihan, who related that the door frame had been removed from the door, there were wood shavings on the ground, and there was a small imprint of a shoe on the door.
 {¶ 16} Accordingly, having reviewed the entire record, and affording the jury the deference that is due the trier of fact, we conclude that the jury did not lose its way so as to require a reversal of appellant's conviction. The evidence clearly supports the jury's finding that appellant, by force, stealth, or deception, trespassed in a permanent habitation when another person was present or likely to be present. Appellant's first assignment of error lacks merit.
 {¶ 17} For the second assignment of error, appellant asserts that the trial court erred in denying his request to instruct the jury as to the lesser included offense of criminal trespass for the offense of burglary.
 {¶ 18} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
 {¶ 19} Although "[c]riminal trespass in violation of R.C.2911.21 is a lesser included offense of burglary[,] * * * [a] jury instruction on a lesser included offense `is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.' * * *" (Citations omitted.) State v.White (Feb. 9, 2001), 2d Dist. No. 18204, 2001 WL 111946, at 3. See, also, State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
 {¶ 20} As we stated above, burglary under R.C. 2911.12(A)(4) provides that: "[n]o person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." Furthermore, criminal trespass is defined in R.C. 2911.21(A)(1) and states that: [n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another[.]" {¶ 21} Furthermore, this court has stated that "[j]ury instructions of a lesser included offense are not automatically given; there must be some basis for them arising from the law and the evidence of the case." State v. Streeter
(Oct. 26, 1990), 11th Dist. No. 88-T-4170, 1990 WL 162585, at 3. The trial court is required to include a charge on a lesser included offense where it may be reasonably inferred from testimony of the case that an element of the greater offense has not been established beyond a reasonable doubt, but the facts reasonably support the elements of a lesser included offense. Id.; State v. Kidder (1987), 32 Ohio St.3d 279.
 {¶ 22} In the case sub judice, the evidence presented at the trial does not reasonably support an acquittal of the count of burglary. Although appellant initially stayed even though he was asked to leave, which would have constituted criminal trespass, the evidence presented dealt with the events that occurred after appellant was escorted out of the apartment by Patrolman Hoolihan and Lieutenant Hughes. Thus, there is no evidence consistent with criminal trespass. Specifically, the testimony of Ms. Walker and Mr. Tucker, in addition to that of Patrolman Hoolihan established that appellant had used force to enter Ms. Walker's apartment by kicking in the apartment door and that Ms. Walker, her children, and Mr. Tucker were in the apartment when appellant entered. This occurred after appellant was taken out of the apartment by Patrolman Hoolihan and Lieutenant Hughes. Because the evidence fulfills the requirements of the offense of burglary, we conclude that an acquittal on the count of burglary was not reasonably possible, and there was no error in the trial court not instructing the jury on criminal trespass. Appellant's second assignment of error is meritless.
 {¶ 23} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., Concur.
[1] In his brief, appellant alleges that he returned to the apartment to retrieve his own cigarettes, but there was no testimony at the trial to this effect.